*768
 
 PONDER, Justice.
 

 The plaintiffs appeal from a judgment rejecting their demands. The defendants moved to dismiss the appeal on the ground that the appellants had failed to file the transcript timely.
 

 On application of the appellants, seven orders were granted by this Court, from time to time, extending the time for filing the transcript until the appeal was finally perfected.
 

 One of the orders extended the time for filing the transcript to March 14, 1946; this was an extension of a previous order granting additional time. On March 19, some five days after the expiration of this return day, the appellants obtained another order extending the time for filing the transcript until May 14, 1946. Upon timely application, further orders were granted extending the time to September 24, 1946. The transcript was filed on September 17, 1946.
 

 The motion to dismiss is dated March 5, 1947, and is based on the ground that the order executed on March 19, 1946 was not timely taken' because five days had elapsed from the expiration of the return day.
 

 The appellants oppose the motion to dismiss the appeal on the ground that the appellees have waived any rights they may have had to urge dismissal of the appeal for the reason that in the period between the filing of the transcript and the filing of the motion to dismiss by the appellees, appellees filed a motion in this Court on February S, 1947, suggesting that the transcript as filed was incomplete in that siertain listed documents had been improperly excluded, and praying that this Court issue an appropriate order to the appellants to show cause why the documents should not be included in the transcript of the record; that rule to show cause issued, and, after answer by appellants, was dismissed for the reason that the documents had been sent up in the original and this Court under the circumstances would not require that they be copied in the transcript.
 

 In the case of Lewis v. Burglass, 186 La. 36, 171 So. 564, this Court held that the appearance of the appellee, asking for and obtaining a postponement of the argument of a case on its merits, constituted a waiver of the appellee’s right to have the appeal dismissed on the ground that the transcript was not timely filed. In the case of Campbell v. Deville, 163 La. 575, 112 So. 491, this Court held that the appellee was precluded from dismissing the appeal because the appellee had availed herself of the appeal by praying for an increase in the judgment. This Court will not dismiss an appeal on the ground that the transcript has not been timely filed where an appellee has indicated that he elects to have the case decided by the appellate court instead of having the appeal dismissed.
 

 Under the provisions of Article 590 of the Code of Practice, the appellee may
 
 *770
 
 bring the record up, when the appellant fails to file the transcript timely and move for dismissal of the case, or may pray for a¡ judgment as if the record had been brought up by the appellant. The appellees in this case did not elect to pursue either of these courses, but instead moved to perfect the transcript that the appellants had brought up, evidencing thereby that they elected to have the case decided by this Court.
 

 The appellees moved to dismiss this appeal almost six months after the transcript had been lodged in this Court, and one month after appellees had indicated that they had elected to have the case decided by this Court by having the transcript filed by the appellants completed or perfected. Since appellees have taken a position inconsistent with the dismissal of the appeal, they are now precluded from having the appeal dismissed.
 

 For the reasons assigned, the motion is denied.